[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
CT Page 14708
The captioned matter came to the court on February 8, 2000. The defendant appeared. The parties were heard at trial on 11/28/00 and 11/29/00.
The following facts are found:
1.) The parties intermarried on 8/20/82 at Hadlyme, CT.
2.) At least one of the parties has lived in Connecticut for at least one year next preceding 2/8/00.
3.) There is one minor child issue of the marriage, Priscilla Jane Ward, born on 5/4/85.
4.) No other children have been born to the plaintiff since the date of the marriage.
5.) The marriage has broken down irretrievably and there is no hope of reconciliation.
6.) Any fault involved in the breakdown was equally inflicted by the parties on each other.
7.) Neither the State of Connecticut, nor any of its subdivisions have contributed to the support of the parties.
Having considered all the factors dictated by § 46b-40, et seq of the Connecticut General Statutes the following orders are entered:
a.) The marriage is dissolved on the grounds of irretrievable breakdown.
b.) Sole custody of the minor child is awarded to the plaintiff.
c.) The defendant shall have frequent and liberal visitation rights with the minor child, at the child's sole discretion.
d.) Should there be any effort by the plaintiff to impede and/or thwart visitation, the defendant is encouraged to return to court to seek modification of custody.
e.) The plaintiff is awarded sole and exclusive ownership and possession of the real property known as 133 Nortontown Rd., Madison, CT.[1]
f.) The plaintiff shall transfer from her Solomon Smith Barney account, CT Page 14709 via QDRO (prepared at joint expense), assets with a value of $59,500.00, as of November 29, 2000, to any vehicle designated by the defendant. This transfer shall be effected immediately.
g.) The plaintiff shall, on or before February 1, 2001, pay to the defendant the sum of $12,500.00.
h.) The plaintiff shall have sole and exclusive possession of the property known as 224 Nortontown Rd., Guilford, CT. She shall be responsible for all expenses involved in the ownership, care and/or maintenance of said property.
i.) The plaintiff shall execute and deliver a note in favor of the defendant in the amount of $85,000.00, secured by a first mortgage on the property known as 224 Nortontown Rd., Guilford, CT. Said note shall have the following terms: 1.) the outstanding principal balance shall accumulate simple interest at the rate of seven (7%) per cent per annum; 2.) the outstanding balance, or any portion thereof may be paid, without penalty, at any time prior to 5/3/08; 3.) all sums due shall be paid on or before 5/3/08; 4.) reasonable attorney's fees and collection costs shall be paid in the event of the necessity to initiate a collection action; and, 5.) should the note not be fully satisfied on or before 11/3/08 the plaintiff shall pay the defendant an additional penalty sum of $5,000.00.
j.) The defendant shall have sole and exclusive ownership and usage of the Morris, N.Y. property.
 Discussion
This was a long and troubled marriage. It was troubled in large part because of the mental disease processes suffered by the defendant. By her own description, the plaintiff was "unkind' to the defendant over the years.
Probably the height of the unkindness exhibited is the apparent attempts by the plaintiff to interfere with the father/daughter relationship. It is not clear whether this interference is conscious or unconscious; it should stop.
It was apparent from all the credible testimony that the defendant was a full contributing partner to the appreciation of the marital estate. Plaintiff's misguided concept that she should not have any of the assets amassed in her name invaded as part of the marital estate was not accepted by this court. CT Page 14710
Not only was plaintiff's asset argument not found to be honest or credible, the court specifically rejects the plaintiff's apparent position that the signs and symptoms of mental disease are necessarily fault factors. "For richer, for poorer, in sickness and health . . .". That includes mental health.
The Court Daniel E. Brennan, Jr.